**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| |
|---|
| RUSSELL MEINKEN, as Guardian for JULIA MEINKEN, |
| |
|        Plaintiff, |
| |
|     -against- |
| |
| GROUP HEALTH INCORPORATED and EMBLEM HEALTH, |
| |
|        Defendants. |

No. 18 Civ.8399 (CM) (KHP)

---

**MEMORANDUM DECISION AND ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DEFENDANTS' CROSS-MOTION FOR SUMMARY JUGDMENT**

McMahon, C.J.:

Plaintiff Russell Meinken ("Plaintiff") filed his Complaint on September 14, 2018, alleging that Defendants Group Health Incorporated ("GHI") and Emblem Health owe Plaintiff reimbursement for services related to his daughter's cancer treatment. Plaintiff brought his claims pursuant to the Employee Retirement Income Security Act ("ERISA"). (Dkt. No. 1.)

Defendants moved to dismiss for lack of jurisdiction, on the basis that the plan at issue was a government plant and not covered by ERISA. (Dkt. No. 14.) The Court issued an order requiring Plaintiff to show cause why the action should not be dismissed for lack of subject matter jurisdiction. (Dkt. No. 17.)

Plaintiff conceded that the plan was not governed by ERISA, and filed an amended complaint, pursuant to Fed. R. Civ. P. 15(a)(1)(B), alleging subject matter jurisdiction on the basis of diversity, under 28 U.S.C. § 1332. (Dkt. No. 19.) Plaintiff now brings claims for breach

1

of contract, third-party beneficiary benefits, fraudulent misrepresentation, and, in the alternative to breach of contract and third-party beneficiary claims, unjust enrichment. (Am. Compl., Dkt. No. 19, ¶¶ 37–51.)

On January 2, 2019, Defendants filed a Third Party Complaint against Empire Blue Cross Blue Shield ("BCBS"), claiming that, should Defendants be found liable to Plaintiff, BCBS is required to fully indemnify Defendants. (Dkt. No. 23.)

On January 23, 2019, Plaintiff filed his motion for summary judgment. (Dkt. No. 32.) On February 6, 2019, Defendants filed a cross-motion for summary judgment. (Dkt. No. 38.)

Both motions are denied.

However, in reviewing the record, the court has encountered an issue that it wants the Parties to brief that will, once resolved, have a significant bearing on how further proceedings are conducted.

## I.    Factual Background

### A.    Plaintiff's Insurance Coverage

Plaintiff – a retired New York City police officer – is a member of the City of New York Employees and Retirees Comprehensive Benefits Plan (the "Plan"). (Defs.' Local Rule 56.1 Counter-Statement and Statement ("Defs.' 56.1"), Dkt No. 41, ¶ 1.) The Plan is a government plan, so it is not covered by ERISA. (*Id.* ¶ 3.)

Defendant GHI, a subsidiary of Defendant Emblem Health, is an insurer under the Plan. (Answer to Compl. ¶ 17.) Plaintiff's insurance coverage under the Plan consists of two components: (1) "GHI, an EmblemHealth company, offering benefits for medical/physician services" and (2) "Empire BlueCross BlueShield offering benefits for services provided at hospital and out-patient facilities." (Decl. of Luz Noemi Campos ("Campos Decl.") Ex. C.

2

("Summ. Program Des.") at 40.) The GHI Certificate of Insurance further clarifies the GHI component of the plan. It says, "The insurance evidenced by this [GHI] Certificate meets the minimum standards for basic medical insurance as defined by the New York State Insurance Department. It does not provide *basic* hospital insurance or major medical insurance." (Campos Decl. Ex. B ("GHI Plan Des.") at 2 (emphasis added).)

The GHI Comprehensive Benefits Plan contains multiple riders, including a "Rider to Amend GHI Procedures for Determination of Claims, Grievances, and Appeals" ("the Rider"). (*Id.* at 101.) As the Plan explains, "This rider amends your GHI Contract or Certificate of Insurance. Among other changes, it sets forth GHI's new procedures for handling claims. It also gives you instructions about how to file grievances, internal appeals and external appeals." (*Id.* at 103.)

The Rider outlines two categories of claims decisions: "utilization review decisions" and "other claims decisions." (*Id.* at 103–05.) "Utilization review decisions" are when GHI must determine "whether or not an item or service for which you have requested benefits is medically necessary and/or experimental or investigational in nature" (*id.* at 103); "Other Claim Decisions" are when the "claim does not involve a determination by GHI regarding the medical necessity or experimental or investigational nature of the requested service(s)" (*id.* at 104).

At issue in this case are "post-service claims" (claims for payment for services already rendered) that fall into the "Other Claim Decisions" category, because they do not "involve a determination by GHI regarding the medical necessity or experimental or investigational nature of the requested service." The following provision is applicable to such claims:

> GHI will notify you of its decision on a post-service claim within thirty (30) days of its receipt of the claim. GHI will give such notice in writing.

3

> If GHI requires more information to decide your claim, GHI will
> request such information within thirty (30) days after its receipt of
> the claim.  GHI will give you at least forty-five (45) days to supply
> the information.  *If GHI requests more information, GHI will notify*
> *you of its decision on your claim within fifteen (15) days after the*
> *earlier of GHI's receipt of all or part of the information or the end*
> *of the time period GHI gives you to supply it.*  GHI may combine its
> request for more information with a notice of denial.  If GHI does
> not receive any information, then this denial will apply.  In such a
> case, you will not receive a notice from GHI at the end of the time
> period GHI gives you to supply information.

(*Id.* at 105 (emphasis added.)

To paraphrase the relevant portion of this provision: When GHI believes information is

missing, it can do one of two things.

It can ask the insured to provide additional information.  If it does that, then the insured

has "at least" 45 days to provide that information, and GHI must decide whether to allow or deny

the claim within 15 days after (1) it receives the additional information, or (2) the time period

("at least" 45 days, perhaps longer) for providing the additional information expired.

Alternatively, GHI can deny the claim, but give the insured an opportunity to provide

additional information that might cause it to change its mind.  If it takes this route, and the

insured fails to provide the additional information, the claim will remain denied.

The Rider also outlines different ways in which the insured can request review of GHI's

claims decisions.

One way an insured may seek review is to file a grievance.  Under the "Grievances"

section, the Plan says:

### A. GRIEVANCES

> *If you do not agree with a decision made by GHI (other than a*
> *decision regarding the medical necessity or experimental or*
> *investigational nature of a requested service)*, *you may file a*
> *grievance with GHI.*  You may also file a grievance with GHI if you
> are not satisfied with one or more aspects of this GHI insurance

4

program.  You may authorize a representative to file a grievance on your behalf.  *You must file the grievance within one hundred and eighty (180) days from the date that you received notice of GHI's decision.*

Your grievance must include your GHI identification number and claim number(s).  It must also describe your complaint.  It should also include any other information that you wish GHI to consider.

Please send your grievance(s) to:
GHI - Grievance Unit
P.O. Box 4007
New York, New York 10116-4007

GHI will reply to your grievance in writing. GHI will reply to your grievance within the time period(s) set forth below.

    …

> Post Service Claims and Other Grievances: sixty (60) days after GHI's receipt of the grievance.

(*Id.* at 105–06 (emphases added).)  The Plan makes it clear that the grievance review process applies to claims that fall under the "other claim decision" category.

The Plan also contains a procedure for filing something called an "internal appeal."  (*Id.* at 106.)  This section says:

**C. INTERNAL APPEALS**

**STANDARD APPEALS**. If GHI denies a claim for a covered service *on the basis that the service is not medically necessary or is experimental or investigational in nature*, you may file an appeal with GHI.  You may also authorize a representative to file an appeal on your behalf.  You may file the appeal by telephone or in writing. *You must file the appeal within one hundred and eighty (180) days from the date that you receive notice of GHI's denial*.  The appeal must include your GHI identification number and claim number(s). It should also include any medical data and comments in support of your appeal.

You must file a verbal appeal by calling GHI toll free at: 1-888-906-7668.

You must direct written appeals to:
GHI - Utilization Review Appeals
P.O. Box 2809
New York, New York 10116-2809

*GHI will acknowledge receipt of your appeal within fifteen (15) days of GHI's receipt of your appeal.* If GHI needs more information to decide your appeal, GHI will also notify you and your Provider of the needed information within fifteen (15) days of GHI's receipt of the appeal. The time within which GHI must respond to your appeal will vary depending upon the type of claim that you are appealing. *If GHI fails to decide your appeal within these time periods, the service will be deemed approved.*

...

**Post-Service Claim Appeals**. In the case of a post-service claim, GHI will decide your appeal within thirty (30) business days of GHI's receipt of all necessary information, but not more then [*sic*] sixty (60) days from GHI's receipt of the appeal.

(*Id.* at 106 (emphases added).) It is quite clear that this internal appeals section applies only to "utilization review decisions" – that is, decisions about whether a service, be it a pre-service, post-service, or even an urgent care (emergency) claim, is either (1) not medically necessary or (2) is experimental or investigational in nature.

If the plan member is unhappy with the decision on an internal appeal, s/he can file something called an external appeal. (*Id.* at 107.) That process has no relevance to this case.

## B.    The Disputed Medical Claims

Julia Meinken, Plaintiff's daughter, suffered from a life-threatening case of acute lymphoblastic leukemia. As part of her treatment, she required chemotherapy, which was administered at the University of North Carolina Hospital ("the Hospital"). (Decl. of Robert J. Axelrod ("Axelrod Decl.") ¶ 4.) The Hospital billed GHI for facility charges and other charges related to her medical care. (Defs.' 56.1 ¶ 4.) The 37 charges at issue in this case were for services rendered between February 2013 and August 2015. (Axelrod Decl. ¶ 6.)

6

GHI sent Explanation of Benefits ("EOBs") to Plaintiff for each of the charges at issue.
Each EOB says that the "Allowed Amount" for the claim is $0. (*Id.*) Each "Allowed Amount"
description is footnoted in small print. The "notes" say things like: "resubmit claim to
subscriber's hospital carrier for processing" (Axelrod Decl. Exs. 1-4, 10–14, 16, 19–26, 28–37);
"submit primary carrier's voucher to our medical unit" (*id.* Exs. 5–9, 17–18); "please submit the
explanation of Medicare benefits (EOMB)" (*id.* Ex. 15 ); and "unable to identify member, please
resubmit" (*id.* Ex. 27). None of the notes indicate that the service provided was "not medically
necessary, or [was] experimental or investigational in nature."

Plaintiff seems not to have responded to any of these EOBs by providing the additional
information requested in the notes. Defendant did not communicate further with Plaintiff about
his claims.

In June and July of 2018 – three to five years after the dates of service at issue – Plaintiff
sent appeal letters to GHI about the claims at issue. (Axelrod Decl. ¶ 6.) The letters were sent
through his Authorized Representative, Robert Axelrod of Axelrod LLP (his counsel in this
case). (Defs.' 56.1 ¶ 5.)

Mr. Axelrod sent a separate letter for each of the 37 claims. The letters were sent to
"GHI Utilization Review Appeals, PO Box 2809, New York, NY 10116-2806." (*Id.* ¶ 7.) This
is the address where appeals from the denial of utilization review claims (but no other type of
claims) are to be sent. (GHI Plan Des. at 106.) But in each letter, Mr. Axelrod indicated that his
"appeal" was not "based on medical necessity or an experimental or investigational denial" (*See,
e.g.*, Axelrod Decl. Ex. 1. at 1) – which is to say, it was not a utilization review appeal. Instead,
Mr. Axelrod explained that he was submitting a "post-service claim appeal involving Emblem
Health's failure to cover a facility charge." (*Id.*) He then provided the date and number of the

7

particular claim at issue, quoted the "note" at the bottom of each EOB, listed the reason Mr.

Axelrod believed that the failure to pay benefits was incorrect, and demanded, pursuant to 29

C.F.R. § 2560.503-1(g): (1) the specific reason or reasons for the adverse coverage

determination; (2) reference to the specific plan provisions on which the determination was

based; and (3) any internal rule, guideline, protocol, or other similar criterion relied upon in

making the adverse determination. (*See, e.g.*, *id.* at 2.)

Plaintiff never received acknowledgment of receipt for any of the letters (Axelrod Decl. ¶

11), and Defendants offer no evidence to suggest that any replies were sent (Defs.' 56.1 ¶ 9).

Plaintiff argues that, pursuant to the "Internal Appeals" section, GHI had to decide these

appeals within 60 days from GHI's receipt of the appeal but failed to do so. (Axelrod Decl. ¶

14.) If the "internal appeals" process applies to Plaintiff's claims, and if his appeals were timely,

then the service would be "deemed approved." Defendants deny that the services were "deemed

approved," and GHI has not paid for any of Plaintiff's services. (Defs.' 56.1 ¶ 11.)

Plaintiff has not paid any of the Hospital charges, which have been sent to a debt

collector. (Decl. of Russell Meinken, Dkt. No. 35, ¶¶ 4, 5.) He currently owes the Hospital

"well over $167,000." (*Id.* ¶ 6.)

## II.    Discussion

### A.    Legal Standard

Under Federal Rule of Civil Procedure 56(c), a court will grant summary judgment if the

evidence offered shows that there is no genuine issue as to any material fact and that the movants

are entitled to judgment as a matter of law. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 324

(1986).

8

Summary judgment is appropriate when the movant "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see also *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986). Facts are material when they "might affect the outcome of the suit under the governing law." *Id.* at 248. A dispute of material fact is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* On a motion for summary judgment, the court must view the record in the light most favorable to the non-moving party. *See Mitchell v. City of New York*, 841 F.3d 72, 77 (2d Cir. 2016).

### B.   Plaintiff's Motion for Summary Judgment

Plaintiff argues that, since GHI failed to respond to any of his appeal letters, pursuant to the Plan, the appealed services are "deemed approved" and GHI must cover the cost of all of the charges, with interest. In support, he cites to language from Section C, the "Internal Appeals" section of the Rider. (GHI Plan Des. at 106.)

Plaintiff's argument assumes that his 37 claims for benefits were denied by GHI. It is not clear to me that they were. The only documents that GHI sent to plaintiff were the EOBs, which do not explicitly state that Plaintiff's claims were denied; they do not use the words "Claim Denied." They simply indicate that the "Allowable Amount" is $0, with a "note" seeking additional information.

New York law requires courts to construe ambiguities strictly against insurance companies and in favor of insureds, *Uniroyal, Inc. v. Home Ins. Co.*, 707 F. Supp. 1368, 1376 (E.D.N.Y. 1988) (citing *Vargas v. Insurance Co. of North America*, 651 F.2d 838, 839–40 (2d Cir. 1981)), and whether there is an ambiguity presents a question of law for the court to decide, *Fleisher v. Phoenix Life Ins. Co.*, 18 F. Supp. 3d 456, 468 (S.D.N.Y. 2014). When I first read

9

the EOBs, it was not clear to me whether the EOBs definitively denied the claim but sought additional information, or whether GHI simply asked for additional information, with an indication that no benefits were being paid on Plaintiff's behalf at that time. (*Cf.* GHI Plan Des. at 105). Resolving this issue (which no party has raised or briefed) is of the utmost importance; if the EOB does not clearly deny Plaintiff's claims, then GHI – which sent Plaintiff no follow-up communications after it sent the EOBs – never issued a final ruling on those claims, and the time within which Plaintiff can contest that decision under the Plan's terms may not have begun to run. Obviously, that would have huge implications for Plaintiff's and Defendants' positions in this lawsuit.

It would be improper for me to issue a final ruling on the ambiguity question in the absence of additional briefing. While I identify the open issue for the Parties, I will go on to decide the precise issue raised by Plaintiff's motion.

Plaintiff cannot obtain summary judgment on the basis he seeks, because he is proceeding under an inapplicable appeals process. The "Internal Appeals" procedure outlined in the Plan, on which Mr. Axelrod relies, applies only to denials "on the basis that the service is not medically necessary or is experimental or investigational in nature." No such determinations were made in this case.

The provision used by Mr. Axelrod is as follows:

### C. INTERNAL APPEALS

**STANDARD APPEALS.** If GHI denies a claim for a covered service *on the basis that the service is not medically necessary or is experimental or investigational in nature*, you may file an appeal with GHI. You may also authorize a representative to file an appeal on your behalf. You may file the appeal by telephone or in writing. *You must file the appeal within one hundred and eighty (180) days from the date that you receive notice of GHI's denial.*

...

GHI will acknowledge receipt of your appeal within fifteen (15) days of GHI's receipt of your appeal. If GHI needs more information to decide your appeal, GHI will also notify you and your Provider of the needed information within fifteen (15) days of GHI's receipt of the appeal. *The time within which GHI must respond to your appeal will vary depending upon the type of claim that you are appealing. If GHI fails to decide your appeal within these time periods, the service will be deemed approved.*

...

**Post-Service Claim Appeals**. In the case of a post-service claim, GHI will decide your appeal within thirty (30) business days of GHI's receipt of all necessary information, but not more then [*sic*]sixty (60) days from GHI's receipt of the appeal.

(GHI Plan Des. at 106 (emphases added).)

"Under New York law, insurance policies are interpreted according to general rules of contract interpretation." *Olin Corp. v. Am. Home Assur. Co.*, 704 F.3d 89, 98 (2d Cir. 2012). The "words and phrases [in a contract] should be given their plain meaning, and the contract should be construed so as to give full meaning and effect to all of its provisions." *Id.* at 99. "A contract term is unambiguous if it has a definite and precise meaning, unattended by danger of misconception in the purport of the contract itself, and concerning which there is no reasonable basis for a difference of opinion." *Orlander v. Staples, Inc.*, 802 F.3d 289, 294–95 (2d Cir. 2015). The ambiguity of a contract is a question of law to be decided by the Court. *Id.* at 294.

The plain language of the policy explains that this provision applies only to appeals for claims that were denied "on the basis that the service is not medically necessary or is experimental or investigational in nature." (GHI Plan Des. at 106.) Thus, all the requirements of Section C, "Internal Appeals," – including the obligation to acknowledge receipt of the appeal

and to decide the appeal within a certain time period or else deem the claim approved – apply only if the claim was denied because it was "not medically necessary or is experimental or investigational in nature." Such a claim could arise in an urgent care (emergency room visit) context, in the context of a service for which pre-certification was sought, or in the case of an application for benefits made after a non-precertified procedure was performed (a post-service claim). But an Internal Appeal as provided in Section C of the Rider applies only to an appeal from the denial of coverage on the two grounds specifically cited – not medically necessary or experimental/investigational procedure, neither of which is a covered service. Denials for other reasons must be appealed by following the "grievance" procedure that is set out in Section B of the Rider; that procedure is described at pages 4–5, above.

In every single one of the letters, Mr. Axelrod specifically stated, "This is not an appeal based on medical necessity or an experimental or investigational denial." And, indeed, those words do not appear on any of the EOBs, so if the EOBs do unambiguously deny coverage, then it was manifestly not on a ground that falls under the utilization review procedures. And the 60-day "deemed approval" period applies *only* to internal appeals from utilization review decisions – and to nothing else.

Plaintiff argues that "the Plan differentiates Standard Appeals from Post-Service Claim Appeals, where this limitation [to medically necessary, experimental or investigational denials] is not used." (Pl.'s Opp. to Defs.' Cross-Mot. for Summ. J. and Reply to Mot. For Summ. J. ("Pl.'s Reply"), Dkt. No 43, at 4.) Plaintiff is wrong. The Plan differentiates between utilization review claims and other types of claims – either of which can be pre- or post-service claims.

Under Section C, "Internal Appeals," it says, "The time within which GHI must respond to your appeal *will vary depending upon the type of claim that you are appealing*." (GHI Plan

Des. at 106 (emphasis added).)  It then goes on to describe the different types of claims relating to utilization review – "Pre-Service Claim Appeals," "Post-Service Claim Appeals," and "Urgent Care Claim Appeals" (all of which are in lowercase font).  As to each type of claim, GHI must render a decision within a set number of days.  Not surprisingly, utilization review appeals from denials of "Urgent Care Claims" must be decided quickly – within 72 hours after GHI's receipt of the appeal; utilization reviews appeals from denials of "Pre-Service Claims" must be decided within thirty days of receipt of the appeal; and utilization review appeals from denials of "Post-Service Claims" must be decided within thirty days of GHI's receipt of all necessary information and no more than 60 days from GHI's receipt of the appeal.  If GHI does not decide the utilization review appeal within the designated number of days, the appeal will be deemed approved.  (*Id.*)  All of these time periods and the "deemed approved" provision relate to appeals from adverse utilization review decisions because all appear in Section C of the Rider (Internal Appeals), which applies only to utilization review decisions.

Furthermore, assuming arguendo that the EOBs unambiguously deny the claims (which issue remains to be decided), Plaintiff's time to grieve those claims under the correct procedure – the procedure set out in Section A of the Rider – expired long ago.  The Rider to the Plan mandates, "You must file the grievance within one hundred and eight (180) days from the date that you receive notice of GHI's denial." (*Id.* at 105)  Nothing in the Plan obligated GHI to send any communication to an insured at the end of that 180 day period if no grievance is filed.  And in this case, it is undisputed that no such grievance was filed.  Plaintiff cannot rely on the inapplicable utilization review procedures to resurrect a dead claim.

For these reasons, Plaintiff's motion for summary judgment is denied.

C.     **Defendants' Motion for Summary Judgment**

Defendants have also moved for summary judgment.  They make one argument.  They

argue that, pursuant to the Plan, they are not responsible for providing hospital facility benefits

and therefore, cannot be responsible for Plaintiff's claims, which are for hospital facility charges

only.  (Defs.' Mem. of Law in Opp. to Pl.'s Mot. for Summ. J. and in Supp. of Defs.' Cross-Mot.

for Summ. J. ("Defs.' Br."), Dkt. No. 39, at 6.)  They have not moved for summary judgment on

any other ground.

Defendants rely on the fact that the Plan contains two components.  GHI pays benefits for

"medical/physician services," and BCBS pays for "services provided at a hospital and outpatient

facilities."  (Summ. Program Des. at 40.)  GHI does "not provide basic hospital insurance or

major medical insurance," as is explained in the Plan Certificate.  (GHI Plan Des. at 2.)

Plaintiff argues that the claims are covered as "excess benefits."  (Pl.'s Reply at 6.)  He

points to the section of the Plan summary that describes "Covered Medical Services."  (Plan

Cert. at 11.)   In this section, under "Excess Hospitalization Coverage/Inpatient Hospital

Services," it says:

> *You are covered for hospital charges in excess of your Blue Cross
> benefits*.  Coverage is available only for charges described in this
> paragraph.  *GHI covers hospital services ordinarily covered by Blue
> Cross*.  Your Blue Cross deductible is not covered.
>
> *Charges for full days covered by Blue Cross are never covered by
> GHI*.  GHI covers admissions for diagnostic studies, physical
> therapy and medical rehabilitation. (See Paragraph 18 of this
> Section).  These admissions may be in specialized rehabilitation
> facilities.  You are not covered for custodial hospital care.
> Coverage for Hospital Charges includes the following:
>
>> (a) Room and Board. The charge may not exceed the
>> hospital's most common semi-private room rate.

(b) Special Hospital Services. This includes services rendered by hospital staff or other hospital employees.

(c) Drugs supplied by the hospital.

(d) Diagnostic tests performed by the hospital.

Special Limitations Applicable to Inpatient Hospital Charges Only.

(a) If you have the 75-day or the 365 day Blue Cross Program, your benefit for hospital charges is subject to the $200,000 annual maximum per person.

(b) All payments for hospital charges count towards the applicable annual and lifetime maximum and are subject to deductibles and coinsurance.

(*Id.* at 14 (emphases added).) But, what Plaintiff fails to address is that only two of the claims at issue are for in-hospital medical care. (*See* Axelrod Decl. Exs. 35 & 37.) The rest of the claims are for services provided at an "outpatient facility." (*See id.* Exs. 1–34, 36.) As a result, it appears that these claims are not covered by the above provision. Instead, they are covered by the provision describing "Outpatient Hospital Charges." This provision says:

You are covered for outpatient hospital charges *only if the service provided is not covered by Blue Cross*. The service must be rendered in an Out-Patient Department of a Hospital. The service is not covered if it is the result of an accident or a sudden or serious illness which is covered under your Blue Cross coverage. Related diagnostic X-rays, laboratory tests and charges by physicians who are not hospital employees are covered.

(Plan Cert. at 15 (emphasis added).)

The Plan states that Plaintiff's claims could be covered if they were "in excess of [Plaintiff's] Blue Cross benefits" or "not covered by Blue Cross." Consequently, to determine whether or not Plaintiff's claims could be covered, I must know what BCBS covers. But neither Party has provided the BCBS coverage plan, so it is impossible to know if the services at issue were in "excess of [Plaintiff's] Blue Cross Benefits" or whether the outpatient charges were "not

covered by Blue Cross."[1]  Furthermore, I have no information about these charges, other than

that they were "facility charges," so I cannot know what other components of GHI Plan

provisions might limit any reimbursement for services not covered by BCBS, let alone apply a

BCBS policy (if I had one).  (*Id.* ¶ 4.)

Accordingly, Defendants' Motion for Summary Judgment is denied.

## III.    Conclusion

The Clerk of Court is respectfully directed to close Dkt. Nos. 32 and 38.

This constitutes the decision and order of the Court.

Dated: June 14, 2019

Colleen McMahon

Chief Judge

BY ECF TO ALL PARTIES

---

[1]      The only information I was able to find about the BCBS coverage by searching through the NYC Summary Program Description was that BCBS covers, "In-network (e.g., hospital room): $300 per person up to $750 maximum individual copay per calendar year. Out-of-network: $500 per person up to $1,250 in a calendar year. After the individual co-payment is met, EBCBS will pay 80% of the allowed amount and you will be charged 20% co-insurance for out-of-network services." (Summ. Program Description at 41.)  But there is no way for me to know how to apply this without more information, which is apparently provided in additional plan documents that I do not have.  (*Id.* at 42 ("Please refer to the Summary of Benefits and Coverage (SBC) for additional information and to see what this plan covers and any cost-sharing responsibilities.")).

16